1

2  Philip J. McCabe (SBN: 201092)
   Frank L. Bernstein (SBN: 189504)
3  Mark D. Yuan (SBN: 246146)
   KENYON & KENYON LLP
4  333 West San Carlos St., Ste 600
   San Jose, CA  95110
5  Telephone:  408.975.7500
   Facsimile:   408.975.7501
6  Email: pmccabe@kenyon.com
   Email: fbernstein@kenyon.com
7  Email: myuan@kenyon.com

8  Lincoln D. Bandlow (SBN: 170449)
   LATHROP & GAGE LLP
9  1888 Century Park East, Suite 1000
   Los Angeles, CA 90067
10 Telephone: 310.789-4600
   Facsimile: 310.789-4601
11 Email: lbandlow@lathropgage.com

12 Attorneys for Plaintiff
   Xyratex Technology, Ltd.

13
   ADDITIONAL COUNSEL ON NEXT
14 PAGE

15                    UNITED STATES DISTRICT COURT

16                   CENTRAL DISTRICT OF CALIFORNIA

17                  WESTERN DIVISION - LOS ANGELES

18

| | |
|---|---|
| XYRATEX TECHNOLOGY, LTD.<br><br>Plaintiff,<br><br>v.<br><br>TERADYNE, INC.<br><br>Defendant | Case No.  CV-08-4545 SJO (PLAx)<br><br>**PROTECTIVE ORDER** |
| TERADYNE, INC.<br><br>Counterclaimant,<br><br>v.<br><br>XYRATEX TECHNOLOGY, LTD.<br><br>Counterdefendant | |

19
20
21
22
23
24
25
26
27
28

KENYON & KENYON
LLP
SAN JOSE

CASE No. CV-08-4545 SJO (PLAx)                          [PROPOSED] PROTECTIVE ORDER

1    <u>ADDITIONAL COUNSEL</u>

2    James M. Dowd (SBN: 259578)
     james.dowd@wilmerhale.com
3    Bethany Stevens (SBN: 245672)
     bethany.stevens@wilmerhale.com
4    WILMER CUTLER PICKERING
       HALE AND DORR LLP
5    350 South Grand Avenue, Suite 2100
     Los Angeles, CA 90071
6    Telephone: (213) 443-5300
     Facsimile: (213) 443-5400
7

8    Elizabeth Rogers Brannen (SBN: 226234)
     elizabeth.brannen@wilmerhale.com
9    WILMER CUTLER PICKERING
       HALE AND DORR LLP 1117 California Avenue
10   Palo Alto, CA 94304
     Telephone: (650) 858-6000
11   Facsimile: (650) 858-6100

12   Attorneys for Defendant and

13   Counterclaim-Plaintiff

14   TERADYNE, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KENYON & KENYON
     LLP
   SAN JOSE

CASE NO. CV-08-4545 SJO (PLAx)                    [PROPOSED] PROTECTIVE ORDER

1        Based on the Parties' Joint Stipulation and for good cause appearing IT IS

2    HEREBY ORDERED that:

3        1.    This Protective Order shall apply to all information, documents,

4    testimony, and things subject to discovery in the Action and believed by a party, or

5    by a non-party from whom discovery is requested, to contain trade secrets or other

6    proprietary or confidential research, development, financial, or commercial

7    information within the meaning of Rule 26(c) (hereafter "Confidential" or "Highly

8    Confidential" information), the disclosure of which would be harmful, including,

9    without limitation, testimony adduced at deposition upon oral examination or upon

10   written questions, answers to interrogatories, documents produced, information

11   obtained from inspection of premises or things, answers to requests for admission,

12   information disclosed pursuant to subpoena under Rule 45 of the Federal Rules of

13   Civil Procedure ("Rule 45"), and all other discovery taken pursuant to the Federal

14   Rules of Civil Procedure and the Local Rules; *provided, however*, that this

15   Protective Order shall not apply to information, documents, things, and testimony

16   sought to be introduced at trial.  Plaintiff Xyratex Technology, Ltd. ("Xyratex") and

17   Defendant Teradyne, Inc. ("Teradyne") (collectively, the "Parties") acknowledge

18   and agree that issues involving the admissibility and confidential nature, if any, of

19   evidence sought to be introduced at trial shall be addressed in the Pre-trial Exhibit

20   Stipulation and at the Final Pre-trial Conference currently scheduled to take place

21   November 9, 2009; the manner of presentation and use of "Confidential" and/or

22   "Highly Confidential" material at trial shall be addressed at that time by the

23   presiding judge and the conditions set forth in this Order shall not be binding on the

24   presiding judge.

25       2.    As used herein:

26           (a)    "Confidential" information is proprietary, confidential, or trade

27           secret information which is not publicly known and which its owner

28           would not reveal to others except in confidence.  A person producing

KENYON & KENYON
LLP
SAN JOSE

CASE NO. CV-08-4545 SJO (PLAx)       1       [PROPOSED] PROTECTIVE ORDER

US1DOCS 7117091v1

1  information under this Order (the "Producing Person") shall designate

2  information as "Confidential" if it believes in good faith that the

3  information is Confidential.  When producing documents, the

4  Producing Person shall mark each page containing Confidential

5  information as "Confidential".

6  (b)    "Highly Confidential" information is highly confidential

7  information which would, if it became known to other parties, harm

8  the competitive position of its owner.  As used herein, "Highly

9  Confidential" information shall be limited to highly confidential source

10  code; a party's non-public financial information including, but not

11  limited to, sales and/or profits; non-public customer information; non-

12  public business plans or projections; and non-public information

13  concerning the design, structure, or workings of a party's products or

14  systems.  A Producing Person shall designate information as "Highly

15  Confidential" if it believes in good faith that the information is Highly

16  Confidential.  When producing documents, the Producing Person shall

17  mark each page containing Highly Confidential information as "Highly

18  Confidential".  Notwithstanding anything in this Order to the contrary,

19  except for the data from which a party's profits may be calculated, the

20  amount of damages sought by a party shall not be designated as

21  "Confidential" or "Highly Confidential," notwithstanding any such

22  designation that may be made.

23  3.    Any Producing Person, whether or not a party to this action, may

24  designate information as Confidential or Highly Confidential under this Order.

25  4.    Nothing in this Protective Order shall preclude any party from

26  disclosing or using, in any matter or for any purpose, any information which (i) is

27  public knowledge; (ii) was lawfully in the Receiving Person's possession prior to

28  being designated as Confidential or Highly Confidential information in the Action;

KENYON & KENYON
LLP
SAN JOSE

CASE NO. CV-08-4545 SJO (PLAx)            2            [PROPOSED] PROTECTIVE ORDER

US1DOCS 7117091v1

1  or (iii) was obtained from a third party having the apparent right to disclose such

2  information without restriction or obligation of confidentiality.  Such restrictions

3  and obligations shall not be deemed to prohibit discussions regarding any

4  Confidential or Highly Confidential information with any person if said person

5  already has or obtains legitimate possession thereof without restriction or obligation

6  of confidentiality.

7          5.      The designation of Confidential or Highly Confidential information

8  shall be understood to encompass not only the document so designated, but also any

9  information derived from that document, and any copies, recordings, abstracts,

10  excerpts, analyses, summaries, or compilations thereof, as well as testimony and

11  oral conversation derived therefrom and related thereto.  However, nothing in this

12  Protective Order shall bar or otherwise restrict any counsel from discussing the

13  Action or rendering legal advice to his or her client with respect to this litigation

14  and, in the course thereof, relying upon his or her examination of Confidential or

15  Highly Confidential information, provided that in rendering such advice or in

16  otherwise communicating with his or her client, such counsel shall not make any

17  disclosure of Confidential or Highly Confidential information, unless such

18  disclosure is permitted pursuant to paragraphs 7, 8, or 9.

19          6.      A person receiving information under this Protective Order (the

20  "Receiving Person") shall use Confidential or Highly Confidential information

21  (together, "Protected Information") only to conduct this litigation.

22          7.      By receiving information under this Protective Order, all Receiving

23  Persons agree to be subject to the jurisdiction of this Court concerning their use of

24  Protected Information.   All Receiving Persons, other than those identified in

25  paragraphs 8(a), 8(b), and 8(d), shall sign an acknowledgment in the form attached

26  hereto as Exhibit A, indicating that they have read and understood the terms of this

27  Order and agree to be bound by such terms and to submit to the jurisdiction of the

28  Central District of California for enforcement of this Order.  Counsel for each party

KENYON & KENYON
LLP
SAN JOSE

CASE NO. CV-08-4545 SJO (PLAx)          3          [PROPOSED] PROTECTIVE ORDER

US1DOCS 7117091v1

1    shall maintain all original acknowledgments, and will produce the same to the

2    opposing party when so ordered by the Court.

3              8.       In the absence of express written permission from a Producing Person

4    or an Order of this Court, a Receiving Person shall not disclose or show any

5    Confidential Information, including material previously produced as confidential, to

6    any person, nor shall the form or substance of the contents thereof be disclosed to

7    or discussed with any person, other than the following (subject to the limitations

8    identified in this Paragraph):

9              (a)      outside litigation counsel (including local and trial counsel)

10                       retained by a party in this action, including attorneys, paralegal

11                       assistants, information technology, administrative and clerical

12                       employees working under the direct supervision of such

13                       attorneys;

14             (b)      service contractors (such as document copy services, jury or trial

15                       consultants, database support groups, exhibit preparation

16                       organizations and the like);

17             (c)      independent experts or consultants, whether testifying or non-

18                       testifying, retained by outside litigation counsel;

19             (d)      the Court, its personnel, and any court reporters involved in

20                       taking or transcribing testimony in this action;

21             (e)      one in-house counsel for each Receiving Person, each of whom

22                       shall be identified by written notice served on all other Parties to

23                       this Action, and subject to the provisions of paragraph 7;

24             (f)      one officer, director, or employee of the Receiving Person

25                       deemed necessary by counsel of record for the Receiving Person

26                       for the prosecution or defense or settlement of the Action, who

27                       shall be identified by written notice served on all other Parties to

28                       this Action, and subject to the provisions of paragraph 7; and

KENYON & KENYON
LLP
SAN JOSE

CASE NO. CV-08-4545 SJO (PLAx)                    4              [PROPOSED] PROTECTIVE ORDER

US1DOCS 7117091v1

1      (g)    any other person by written agreement of the parties or by order

2             of the Court.

3      9.    In the absence of express written permission from a Producing Person

4  or an Order of this Court, no Highly Confidential information, including material

5  previously produced as Highly Confidential information, shall be shown or

6  disclosed to any person other than those individuals identified in Paragraphs 8(a) –

7  8(d).  Persons identified in Paragraphs 8(e), 8(f) and 8(g) shall not have access to

8  information designated as Highly Confidential information.

9      10.    Any person who receives Highly Confidential information is

10  prohibited from prosecuting, preparing, or having any substantive involvement with

11  any patent application on behalf of any party to this action related to disk drive

12  testing equipment, products, systems, or methods.

13      11.    Before a Receiving Person can share Protected Information with an

14  independent expert or consultant under paragraph 8(c), the Receiving Person shall

15  provide the Producing Person written notice of its intention, which shall include the

16  proposed expert's curriculum vitae as well as a list of any previous or current

17  relationship with any party to this action.  If the Producing Person objects to the

18  disclosure, it must send a written objection within ten (10) business days after the

19  Producing Person's receipt of the written notice.  Absent a timely written objection,

20  the Receiving Person may share Protected Information with the independent expert.

21  If the Producing Person makes a timely written objection, the Receiving Person

22  shall not share Protected Information with the independent expert until the

23  objection is resolved by agreement or by the Court.  If the parties cannot resolve

24  this dispute, they may proceed under the Local Rules addressing discovery

25  disputes, with the Producing Person bearing the burden of filing a motion (made

26  pursuant to the procedures set forth under the Local Rules) and establishing good

27  cause to support its objection.  A Producing Person shall not seek discovery with

28  respect to a consultant or other non-testifying expert of a party who has received

KENYON & KENYON
LLP
SAN JOSE

CASE NO. CV-08-4545 SJO (PLAx)          5          [PROPOSED] PROTECTIVE ORDER

US1DOCS 7117091v1

1    Protected Information, absent a Court order pursuant to a motion (made pursuant to

2    the procedures set forth under the Local Rules) made by the Producing Person.

3         12.    If not so designated in the transcript, deposition testimony shall be

4    deemed Highly Confidential until the expiration of thirty (30) days after the receipt

5    of the final transcript of the deposition from the court reporter.  Pages or entire

6    transcripts of testimony given at a deposition or hearing may be designated by a

7    Producing Person as Confidential or Highly Confidential information by an

8    appropriate statement either at the time of the giving of such testimony or by

9    written notification within thirty (30) days after receipt of the final transcript of the

10   deposition from the court reporter.

11        13.    In the event that a Producing Person elects to produce material for

12   inspection pursuant to Federal Rule of Civil Procedure 34(b), no designation need

13   be made prior to the inspection.  For purposes of the inspection, all material shall be

14   considered Highly Confidential information and inspected only by those persons

15   permitted access to Highly Confidential information.  Prior to furnishing copies of

16   inspected material, the Producing Person shall have an opportunity to label the

17   material with a "Confidential" or "Highly Confidential" marking.

18        14.    In the event that any non-party shall be called upon, by subpoena or

19   otherwise, to provide or produce documents or information considered to disclose

20   or contain Confidential or Highly Confidential information, such non-party may

21   designate documents or information as Confidential or Highly Confidential

22   information in the manner set forth in this Protective Order and these designations

23   shall be treated in the same manner as if made by a party, provided that the non-

24   party must agree that this Court shall have exclusive jurisdiction to entertain and

25   decide any motion brought pursuant to this Protective Order challenging the status

26   of the information so designated by the non-party or otherwise to enforce the

27   provisions of this Protective Order with respect to such non-party.

28

KENYON & KENYON
LLP
SAN JOSE

15.    If requested, the source code used to implement the accused instrumentalities shall be produced and/or made available for inspection as set forth below.  All source code produced shall be deemed designated as "RESTRICTED CONFIDENTIAL—SOURCE CODE."   All such source code designated as "RESTRICTED CONFIDENTIAL—SOURCE CODE," shall be subject to the following provisions:

(a)    All source code will be made available by the Producing Person to the Receiving Person's outside counsel and/or experts in a private room on a secured computer without Internet access or network access to other computers, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any source code outside or away from the computer on which the source code is provided for inspection (the "Source Code Computer"). At its discretion, the Producing Person may choose to make the source code available either at such offices of counsel for the Producing Person that are mutually agreeable and reasonably convenient for the Receiving Person or its experts, or at a location that is otherwise mutually agreeable to the Producing Person and the Receiving Person. The Receiving Person's outside counsel and/or experts may request that other commercially available licensed software tools for viewing and searching source code be installed on the secured computer.  The Receiving Person must provide the Producing Person with the CD or DVD containing such software tool(s) at least two days in advance of the inspection.

(b)    The Receiving Person's outside counsel and/or expert shall be entitled to take notes relating to the source code but may not copy the source code into the notes.  No copies of all or any portion of the source code may leave the room in which the source code is inspected except as

1    otherwise provided herein.  Further, no other written or electronic

2    record of the source code is permitted except as otherwise provided

3    herein.

4    (c)    The Producing Person shall either make available a laser printer with

5    commercially reasonable printing speeds for on-site printing during

6    inspection of the code or print any pages of source code requested.

7    Upon printing any such portions of source code, the printed pages shall

8    be collected by the Producing Person.  The Producing Person shall

9    Bates number, copy, and label "RESTRICTED CONFIDENTIAL-

10   SOURCE CODE" any pages printed by or for the Receiving Person.

11   If the Producing Person objects that the printed portions are not

12   reasonably necessary to any case preparation activity, the Producing

13   Person shall make such objection known to the Receiving Person

14   within three (3) business days.  If, after meeting and conferring within

15   five (5) business days of the objection, the Producing Person and the

16   Receiving Person cannot resolve the objection, the Producing Person

17   shall be entitled to seek a Court resolution of whether the printed

18   source code in question is not reasonably necessary to any case

19   preparation activity.  In the absence of any objection, or upon

20   resolution of any such dispute by the Court, the Producing Person shall

21   provide one copy set of such pages to the Receiving Person within two

22   (2) business days and shall retain one copy set.  The printed pages shall

23   constitute part of the source code produced by the Producing Person in

24   this action.

25   (d)    The Receiving Person shall provide written notice requesting

26   inspection of the source code at least two (2) days in advance of any

27   such inspection.  The Producing Person shall be entitled to have a

28

KENYON & KENYON
LLP
SAN JOSE

CASE NO. CV-08-4545 SJO (PLAx)          8          [PROPOSED] PROTECTIVE ORDER

US1DOCS 7117091v1

1      person observe all entrances and exits from the source code viewing

2      room.

3      (e)      Unless otherwise agreed in advance by the parties in writing, following

4              each inspection, the Receiving Person's outside counsel and/or experts

5              shall remove all notes, documents, laptops, and all other materials from

6              the room that may contain work product and/or attorney-client

7              privileged information.  The Producing Person shall not be responsible

8              for any items left in the room following each inspection session.

9      (f)      Other than as provided in Paragraph 15(c) above, the Receiving Person

10             will not copy, remove, or otherwise transfer any source code from the

11             Source Code Computer including, without limitation, copying,

12             removing, or transferring the source code onto any other computers or

13             peripheral equipment.  The Receiving Person will not transmit any

14             source code in any way from the Producing Person's facilities or the

15             offices of its outside counsel of record.

16     (g)      The Receiving Person shall maintain and store any paper copies of the

17             source code at their offices in a manner that prevents duplication of or

18             unauthorized access to the source code, including, without limitation,

19             storing the source code in a locked room or cabinet at all times when it

20             is not in use.

21     (h)      The Receiving Person's outside counsel of record may make no more

22             than three (3) additional paper copies of any portions of the source

23             code printed pursuant to sub-paragraph 15(c), not including copies

24             attached to court filings.  The Producing Person shall not unreasonably

25             deny a Receiving Person's request to make additional copies,

26             providing that the request is for good cause and for use that otherwise

27             complies with this order.

28

KENYON & KENYON
LLP
SAN JOSE

CASE NO. CV-08-4545 SJO (PLAx)                   9              [PROPOSED] PROTECTIVE ORDER

US1DOCS 7117091v1

(i)     The Receiving Person may include excerpts of source code in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("SOURCE CODE DOCUMENTS").  The Receiving Person shall only include such excerpts as are reasonably necessary for the purposes for which such part of the source code is used.

(j)     To the extent portions of source code are quoted in a SOURCE CODE DOCUMENT, either (1) the entire document will be stamped and treated as RESTRICTED CONFIDENTIAL-SOURCE CODE or (2) those pages containing quoted source code will be separately bound, and stamped and treated as RESTRICTED CONFIDENTIAL-SOURCE CODE.

(k)     All paper copies shall be securely destroyed if they are no longer in use (e.g., at the conclusion of a deposition).  Copies of source code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

(l)     Except as provided in this sub-paragraph 15(l), the Receiving Person may not create electronic images, or any other images, of the source code from the paper copy for use on a computer (e.g., the Receiving Person may not scan the source code to a PDF, or photograph the code).  The Receiving Person may create an electronic copy or image of selected portions of the source code to accomplish any filing with the Court or to serve any pleadings or other papers on any other party (including expert reports).  Images or copies of source code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.  The

1   communication and/or disclosure of electronic files containing any

2   portion of source code shall at all times be limited to individuals who

3   are authorized to see source code under the provisions of this

4   Protective Order.  Additionally, all electronic copies must be labeled

5   "RESTRICTED CONFIDENTIAL-SOURCE CODE."  The

6   production of source code shall not be subject to the Parties'

7   previously-filed stipulation to allow production of documents via

8   email.

9   (m)   The Receiving Person's outside counsel may only disclose a copy of

10   the source code to individuals specified in Paragraph 8(a), 8(c), and

11   8(d) above.

12   16.   The acceptance by a party of documents or things designated as

13   Confidential or Highly Confidential information shall not constitute an agreement,

14   admission or concession, or permit an inference, that the material(s) are in fact

15   properly the subject for protection under Rule 26(c), or some other basis.

16   Documents and things designated as Confidential or Highly Confidential

17   information shall be treated in accordance with the provisions of this Protective

18   Order, except that if a Receiving Person disagrees with a designation of

19   information, it shall provide the Producing Person with written notice of its

20   challenge.  If the parties cannot resolve this dispute, they shall proceed under the

21   Local Rules addressing discovery disputes, with the Producing Person bearing the

22   burden of filing a motion (made pursuant to the procedures set forth under the

23   Local Rules) and showing that the information is Confidential or Highly

24   Confidential.  Failure to challenge a designation immediately shall not waive a

25   Receiving Person's ability to bring a later challenge.  If the parties are not able to

26   resolve the dispute, any challenged designation remains in force until the propriety

27   of such designation has been determined, either by agreement of the parties or by

28   order of the Court.

KENYON & KENYON
LLP
SAN JOSE

US1DOCS 7117091v1

1    17.    If a Producing Person inadvertently fails to designate material as

2    Protected Information at the time of production, it shall notify in writing all

3    Receiving Persons of its failure as soon as possible after discovery of the

4    inadvertent failure to designate.  The Producing Person shall promptly supply all

5    Receiving Persons with new copies of any documents bearing corrected

6    confidentiality designations.  Upon receipt of such written notice, the Receiving

7    Person promptly shall make best efforts to collect all copies of the documents from

8    any person who is not qualified under Paragraphs 8 and/or 9 to receive Protected

9    Information.

10    18.    Nothing in this Protective Order shall require disclosure of information

11    or materials which a party contends is protected from disclosure by the attorney-

12    client privilege or the attorney work product immunity or any other applicable

13    privilege.  This shall not preclude any party from moving the Court for an Order

14    directing the disclosure of such material.

15    19.    Any discovery documents produced in this litigation may be later

16    designated as "Attorney Client Privileged" or "Attorney Work Product" promptly

17    upon discovery by the Producing Person that any such privileged or immune

18    document was produced through inadvertence, mistake, or other error, and no

19    waiver of privilege or immunity shall be deemed to have occurred.  Upon such

20    designation, the Receiving Person promptly shall make best efforts to collect all

21    copies of the documents and return them to the Producing Person.

22    20.    In the event that any Confidential or Highly Confidential information

23    is used in any proceeding in connection with this litigation, it shall not lose its

24    Confidential or Highly Confidential status through such use, and the parties shall

25    take all steps reasonably required to protect its confidentiality during such use.

26    21.    To the extent that any Confidential or Highly Confidential information

27    subject to this Protective Order (or any pleading, motion, or memorandum referring

28    to them) are proposed to be filed or are filed with the Court, those materials and

KENYON & KENYON
LLP
SAN JOSE

CASE NO. CV-08-4545 SJO (PLAx)          12          [PROPOSED] PROTECTIVE ORDER

papers, or any portion thereof which disclose Confidential or Highly Confidential information, shall be presented to the judge (by the filing party) accompanied by an application to file under seal in accordance with the procedures set forth in Local Rule 79-5.1 and shall be marked "CONFIDENTIAL INFORMATION FILED UNDER SEAL" on the outside of the sealing envelopes; such application shall be directed to the judge to whom the papers are directed.  Pending a ruling on the application submitted in accordance with Local Rule 79-5.1, the papers or portions thereof subject to the application shall be lodged under seal.  However, only those portions of filings containing Confidential or Highly Confidential information shall be filed under seal.  The filing party shall also file with the Court for regular filing a redacted version of any filing submitted under Local Rule 79-5.1 in which any Confidential and/or Highly Confidential information shall be redacted.

22.    Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on information contained in CONFIDENTIAL or HIGHLY CONFIDENTIAL documents; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated.

23.    Nothing in this Order precludes any person from disclosing or using in any manner its own information, or information not obtained under this Order, even if the same information is also produced under this Order.

24.    Nothing in this Order precludes any person from showing a document containing Protected Information to an individual who prepared or received the document, or from disclosing Protected Information to a current employee, officer, or director of the Producing Person.

25.    Nothing herein shall restrict any person who is qualified to receive Confidential or Highly Confidential information from making working copies, abstracts, digests, or analyses of such information for use in connection with the

KENYON & KENYON
LLP
SAN JOSE

CASE NO. CV-08-4545 SJO (PLAx)                    13              [PROPOSED] PROTECTIVE ORDER

US1DOCS 7117091v1

1    Action and such working copies, abstracts, digests, and analyses shall be deemed to

2    have the same level of protection under the terms of this Protective Order.  Further,

3    nothing herein shall restrict a qualified recipient from converting or translating such

4    information into machine-readable form for incorporation in a data retrieval system

5    used in connection with the Action, provided that access to such information, in

6    whatever form stored or reproduced, shall be limited to persons qualified to receive

7    such information.

8         26.    No information may be withheld from discovery on the ground that the

9    material to be disclosed requires protection greater than that afforded by this

10   Protective Order unless the party claiming a need for greater protection moves for

11   an order providing such special protection pursuant to Rule 26(c) and Local Rules

12   37-1 through 37-4.

13        27.    The Parties acknowledge and agree that nothing in paragraphs 11, 16,

14   and 26 of this protective order is intended to be construed inconsistently with the

15   rights and obligations of the Parties under Local Rules 37-1 through 37-4 governing

16   cooperation during discovery, and that, in the event of any inconsistency, the

17   procedures defined by the Local Rules shall govern.  If the Parties wish to file the

18   Joint Stipulation (or portions thereof) required by Local Rule 37-2 under seal, the

19   Parties may file a separate stipulation to that effect, or the moving party may file an

20   *ex parte* application making the appropriate request.  The Parties acknowledge and

21   agree that the stipulation or *ex parte* application must demonstrate good cause as to

22   why the Joint Stipulation or portions thereof should be filed under seal.

23        28.    Within sixty (60) days of the termination of litigation between the

24   parties, including any appeals, all Protected Information shall be destroyed or

25   returned to the Producing Person, and the Receiving Person shall provide written

26   notice of such destruction or return, except that one designated outside litigation

27   counsel of record for each party may maintain in its files one copy of each

28

KENYON & KENYON
LLP
SAN JOSE

CASE NO. CV-08-4545 SJO (PLAx)          14          [PROPOSED] PROTECTIVE ORDER

US1DOCS 7117091v1

1  deposition transcript, each document filed with the Court, and each document

2  transmitted between counsel for the parties to this action.

3        29.    This Protective Order shall survive the final termination of the Action

4  with respect to any retained Confidential or Highly Confidential information.

5

6  IT IS SO ORDERED.

7  Date:  4/2/09

8                        THE HONORABLE PAUL L. ABRAMS

9                        UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KENYON & KENYON
LLP
SAN JOSE

CASE NO. CV-08-4545 SJO (PLAx)      15      [PROPOSED] PROTECTIVE ORDER

US1DOCS 7117091v1

1

**EXHIBIT A**

2

3

**CERTIFICATE OF COMPLIANCE**

4

5           _____(print name), being first duly sworn on oath,

6    states as follows:

7           I certify that I have received a copy of the Stipulated Joint Protective Order

8    ("Order") in the matter captioned <u>Xyratex Technology, Ltd. v. Teradyne, Inc.</u>,

9    United States District Court for the Central District of California, Western Division

10   – Los Angeles, Case No.: CV-08-04545-SJO, which governs the production and

11   use of Protected Information in this case.  I have read and understand the Order.  I

12   hereby acknowledge that I am bound by the Order, and I agree to abide by it.  I

13   further understand that the Protected Information may only be used in strict

14   accordance with the terms of the Order and then only for the prosecution, defense,

15   or settlement of this litigation.

16          I further acknowledge that I may be held responsible for any failure on my

17   part to comply with the provisions of the Order, and I agree to subject myself to the

18   jurisdiction of the United States District Court for the Central District of California,

19   Western Division – Los Angeles, for the purpose of enforcing the Order.

20          I hereby declare under penalty of perjury that the foregoing is true and

21   correct.

22

23   _____

24   (Signature)

25

26   _____

27   (Print Name)

28

KENYON & KENYON
LLP
SAN JOSE

CASE NO. CV-08-4545 SJO (PLAx)            16            [PROPOSED] PROTECTIVE ORDER

US1DOCS 7117091v1